FILED

NOV 0 8 2010

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                              DEPUTY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DAVID HERRERA-CASTELLANOS,<br><br>Defendant. | ) Cr. No. 03-1825GT<br>)<br>)<br>) **ORDER**<br>)<br>)<br>)<br>) |

On October 20, 2010, Defendant's, David Herrera-Castellanos ("Mr. Herrera"), Motion to Dismiss All Revocation Proceedings ("Motion") came on for hearing before the Court. After hearing oral argument, the Court took the Motion under submission. The Court has fully considered this matter, including a review of the briefs filed, the authorities cited therein, and the arguments presented both in the briefs and orally. For the reasons stated below, Mr. Herrera's Motion is **DENIED**.

//

//

## BACKGROUND

On July 14, 2003, Mr. Herrera was sentenced by this Court to thirty months in prison and one year supervised release. Mr. Herrera's supervised release commenced on August 5, 2005. Thereafter, on November 30, 2005, Mr. Herrera was arrested in Arizona for being an alien found in the United States. Mr. Herrera was sentenced to 62 months in prison and three years supervised release in this Arizona case. On January 6, 2006, Probation filed a violation report and this Court issued a bench warrant for violation of supervised release. On August 10, 2010, Mr. Herrera was released from custody on the Arizona case. Since there was a detainer on him, Mr. Herrera was sent to this district for a hearing on his OSC. On August 20, 2010, Mr. Herrera made his initial appearance on the OSC in the Southern District of California.

Mr. Herrera now argues that because of the five year delay between the issuance of the warrant and his initial appearance on the OSC that: 1) this court lacks jurisdiction to violate Mr. Herrera's supervised release, and 2) Mr. Herrera's right to a prompt hearing under the Due Process Clause and Fed. R. Crim. P. 32.1 was violated.

## CONCLUSIONS OF LAW

Mr. Herrera first argues that this court lacks jurisdiction to revoke his supervised release. Mr. Herrera argues that under 18 U.S.C. § 3583(i), the court only retains jurisdiction to revoke a defendant's supervised release once it has expired, if the warrant was issued before the expiration of the term of supervised release and for a period reasonably necessary for adjudication of other matters. However, § 3583(i) is not applicable in this case because Mr. Herrera's term of supervised release had not expired when he was arrested on the warrant.

Mr. Herrera's supervised release began on August 5, 2005. On November 30, 2005, Mr. Herrera was arrested on the Arizona case and placed into custody. He remained in custody until August 10, 2010. Under 18 U.S.C § 3624(e) a term of supervised release is tolled while the defendant is in custody for a conviction for a Federal, State or Local crime if the term of imprisonment is more that 30 consecutive days. Giving Mr. Herrera the benefit of the doubt, his supervised release was tolled from April 26, 2006 (the date he was sentenced in Arizona) until August 10, 2010 (his release date). With these dates, Mr. Herrera still had three months

2

1  remaining on his term of supervised release.  Hence, § 3583(i) is not applicable and the Court

2  had jurisdiction to revoke Mr. Herrera's supervised release.

3        Mr. Herrera next argues that his Due Process rights and Fed R. Crim. P. 32.1 were

4  violated by the five year delay between the issuance of the warrant and his initial appearance on

5  the OSC.   Rule 32.1(b) requires that "[i]f a person is in custody for violating a condition of

6  probation or supervised release" a hearing must be conducted promptly to determine if there

7  was probable cause that a violation occurred.  Then, the district court must hold a revocation

8  hearing within a reasonable time.  In this case, Mr. Herrera was NOT in custody for violating a

9  condition of his supervised release during the five year interim.  He was in custody for another

10  federal crime in Arizona.  Once Mr. Herrera was in custody for the violation of his supervised

11  release, he was brought promptly before the Magistrate Judge and a revocation hearing was

12  scheduled.  Hence, neither Mr. Herrera's Due Process Rights nor Rule 32.1 were violated.

13  Accordingly,

14        **IT IS ORDERED** that Mr. Herrera's Motion to Dismiss All Revocation Proceedings is

15  **DENIED.**

16        **IT IS SO ORDERED.**

17

18

19  *Nov. 8, 2010*

   date

20              GORDON THOMPSON, JR.
            United States District Judge

21  cc:  All counsel and parties without counsel

22

23

24

25

26

27

28

03CR1825